UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DONALD STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00429-JMS-MJD |
| | ) | |
| D. FISH Sergeant/Correctional Officer, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Donald Stone filed this action on September 6, 2017, contending that his constitutional rights were violated while he was incarcerated in the Indiana Department of Correction (IDOC). Specifically, Mr. Stone claims that Lieutenant Dustin Fish slammed him to the ground with excessive force, injuring his shoulder. Defendant Fish has moved for summary judgment, arguing that Mr. Stone failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), before filing this lawsuit. Mr. Stone has not responded to the motion.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

In accordance with Local Rule 56-1(f), the Court assumes that facts properly supported by the movant are admitted without controversy unless the nonmovant specifically disputes them. Therefore, a nonmovant who fails to respond to a motion for summary judgment effectively concedes that the movant's version of the facts is accurate. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

A. *Undisputed Facts*

At all times relevant to his Complaint, Mr. Stone was confined by the IDOC at Plainfield Correctional Facility (PCF). The IDOC has an Offender Grievance Process that is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. According to IDOC policy, an inmate is provided with information about the Offender Grievance Process during admission and orientation upon arrival at an IDOC facility.

The Offender Grievance Process consists of three steps. It begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. This step must be completed within five (5) business days from the date of the incident. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance to the Offender Grievance Specialist of the facility where the incident occurred. A formal grievance must be filed within twenty (20) working days from the date of the alleged incident. If the formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal. Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

The IDOC maintains records of all informal grievances, formal grievances, and appeals filed by offenders. The IDOC's records reflect that Mr. Stone did not file any grievances while incarcerated in the IDOC.[1]

B. *Exhaustion*

Sergeant Fish argues that Mr. Stone failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's

---

[1] Although this case concerns an incident that allegedly occurred at PCF, *see* dkt. 18 at 1, much of the evidence Sergeant Fish presented regarding the Offender Grievance Process and inmates' access to it refers specifically to grievance procedures at Wabash Valley Correctional Facility (WVCF). *See, e.g.*, dkt. 17-1 at ¶¶ 2, 5, 8. Nevertheless, the Court understands that the IDOC's three-step Offender Grievance Process, the requirements for exhausting that process, and the IDOC's policy of informing inmates of the process upon their arrival at an IDOC facility are IDOC-wide (and not facility-specific) policies. *See* Dkt. 17-2. Moreover, Sergeant Fish has clarified that his records showing that Mr. Stone never filed a grievance document a search for grievances filed at both WVCF and PCF. Dkt. 17-1 at ¶ 25. Therefore, the Court finds no dispute that Mr. Stone was obligated to complete the three-step Offender Grievance System, that IDOC policy required that Mr. Stone be informed of that three-step policy upon his arrival at PCF, and that he never filed any grievance with respect to this incident.

deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

 C. *Discussion*

 Sergeant Fish has shown that Mr. Stone failed to avail himself of all administrative remedies before filing this civil action. In fact, IDOC records indicate that Mr. Stone did not complete any step in the Offender Grievance Process. Mr. Stone did not respond to Sergeant Fish's motion for summary judgment, and no other document Mr. Stone has filed in this action indicates that he participated in the Offender Grievance Process. It is therefore undisputed that Mr. Stone failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit.

 The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Stone's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

4

### III. Conclusion

Sergeant Fish's motion for summary judgment, dkt. [17], is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/22/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana


Distribution:

DONALD STONE
120486
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jill Esenwein
INDIANA ATTORNEY GENERAL
jill.esenwein@atg.in.gov

Parvinder Kaur Nijjar
INDIANA ATTORNEY GENERAL
parvinder.nijjar@atg.in.gov